**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ARMANDO CACERES-CASTELLANOS (A-No. 222-583-268),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX,<br><br>Respondent. | Case No. 1:26-cv-06857-JLT-HBK<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Before the Court is Jose Armando Caceres-Castellanos's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 5.) In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I. FACTUAL BACKGROUND

Petitioner is from Honduras. (Doc. 8 at 9.) Petitioner entered the United States in 2021 and was not apprehended or inspected by immigration officials at that time. (Doc. 1 at 1.) Petitioner has lived continuously in the United States for the past five years. (*Id.*) On May 18, 2026, Petitioner was arrested by local police for having a defective vehicle, driving without a driver's license, speeding, and transporting an open container. (Doc. 8 at 10, 19.) Those charges

were referred to the local district attorney; however, it is unclear if formal charges were ever brought. (*See id*.) Apart from this arrest, Petitioner has no criminal history. (*See id*.; Doc. 1 at 1.)

On May 20, 2026, ICE encountered the Petitioner at his local jail and took him into custody. (Doc. 8 at 10.) That day, DHS issued an I-200 administrative warrant for Petitioner's arrest. (*Id*. at 13.) DHS also issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*Id*. at 4.) Petitioner was transferred to the Central Valley Annex in McFarland, California, where he remains. (Doc. 1 at 1.) On June 30, 2026, Petitioner received a custody redetermination hearing pursuant to 8 C.F.R. § 1236, but the Immigration Judge denied release on bond for lack of jurisdiction. (Doc. 8 at 21.) On August 19, 2026, the IJ ordered Petitioner removed to Honduras and Petitioner reserved the right to an appeal. (*Id*. at 24–27.) Petitioner filed a timely appeal to the Board of Immigration Appeals on August 26, 2026, and that appeal remains pending.[1] (Doc. 1 at 1; *see also* Doc. 3 at 16–26.) As such, Petitioner's order of removal is not administratively final. *See* 8 U.S.C. § 1231(a)(1)(B)(i).

On August 27, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* Doc. 1.) On September 16, 2026, Respondents filed an opposition arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), but concede that under *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), Petitioner is entitled to a custody redetermination hearing before an immigration judge. (Doc. 8 at 1.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

[1] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information confirms that the appeal was received August 26, 2026, and remains pending. *See* EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited September 28, 2026).

in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also R.P.V.*, *v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026) regarding an initial custody determination. Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above.
2. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
3. Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained.
4. <u>**At least 72 hours before**</u> the scheduled hearing, the Petitioner **SHALL** receive

notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility in McFarland, California with a copy of this Order.

7. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 28, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE